UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY BOULDIN, | No. CV 12-10473 FFM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying her application for a period of disability, disability insurance benefits, and supplemental security income benefits.  The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.  Pursuant to the December 13, 2012, Case Management Order, on September 6, 2013, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities.  The Court has reviewed the JS and the administrative record ("AR"), filed by defendant on July 3, 2013.  For the reasons stated below, the decision of the Commissioner is affirmed.

---

[1]  Carolyn W. Colvin became Acting Commissioner of the Social Security Administration of February 14, 2013 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

## ISSUE

Plaintiff raises a single issue:

1.      Whether the ALJ's credibility determination is supported by substantial evidence. (JS 5.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

A.      Plaintiff's contention regarding the credibility determination.

Plaintiff contends that the ALJ did not properly consider plaintiff's subjective complaints. Plaintiff points out that this Court reversed the prior decision of the Commissioner in this case because the ALJ had not provided a legally sufficient reason for discounting plaintiff's credibility.

/ / /

B.    The ALJ's decision.

After remand, the ALJ again found that plaintiff was less than credible in her descriptions of her subjective symptoms.  (AR 392.)  The ALJ based his conclusion on the medical evidence, which contains mild objective findings and demonstrates conservative treatment.  (*Id*.)  The ALJ also found that plaintiff's pain testimony was exaggerated and embellished based on the little evidence in the record of plaintiff complaining about and receiving treatment for her allegedly debilitating headaches and nausea.  This embellishment of her testimony negatively reflected on her credibility.  Plaintiff contends that once again the ALJ failed to provide legally-sufficient reasons for finding plaintiff incredible.  The Court finds that remand is not warranted on this issue.

C.    Analysis.

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  However, an ALJ may reject a claimant's allegations upon:  (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing.  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

In the absence of evidence of malingering, an ALJ may consider, *inter alia*, the following factors in weighing the claimant's credibility:  (1) inconsistencies in either the claimant's testimony or between the claimant's testimony and his conduct; (2) his work record; and (3) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 96-7p, 1996 WL 374186.  The ALJ may also use "ordinary techniques of credibility evaluation."  *Thomas*, 278 F.3d at 960.  The ALJ's credibility determination is entitled to deference if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the

3

claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted).

As discussed in the ALJ's decision, the objective evidence did not support plaintiff's claims of disabling pain, headaches and nausea.  Plaintiff does not contest the ALJ's review of the medical evidence.  Although an ALJ may not premise the rejection of the claimant's testimony regarding subjective symptoms *solely* on the lack of medical support (*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *limited on other grounds, Saelee v. Chater,* 94 F.3d 520, 523 (9th Cir. 1996)), weak objective support does undermine subjective complaints of disabling symptoms.  *See Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1998); *Regennitter v. Commissioner of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999).

The additional factor that the ALJ relied on here was the inconsistency between plaintiff's allegations of severe headache and nausea and the meager reporting and lack of discussion of or treatment for headache and nausea.  Inconsistencies in a plaintiff's testimony can undermine a plaintiff's claims of disabling pain or other subjective symptoms.  *Thomas*, 278 F.3d at 958-59 (discounting credibility where plaintiff presented "conflicting information" about her alcohol and drug use and engaged in activities inconsistent with claim of disability).

Plaintiff points out that the medical records show several instances of plaintiff complaining of headaches.  However, there is no suggestion in the record that plaintiff ever indicated that the headaches were severe or that they were ever a factor in her treatment.

As the ALJ provided a clear, convincing, and record-supported reason for finding plaintiff less than credible, remand on this issue is not warranted.

/ / /

/ / /

/ / /

4

1

**ORDER**

2

     For the foregoing reasons, the Commissioner's decision is affirmed.

3

     IT IS SO ORDERED.

4

5

DATED: November 4, 2014

6

                          /S/ FREDERICK F. MUMM

7

                         FREDERICK F. MUMM
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28